<u>Debra Lynn Leahy v. USDA</u>

Exhibit D



United States          Office of the          Washington,
Department of          General                D.C.
Agriculture            Counsel                20250-1400

May 21, 2004

FACSIMILE AND REGULAR MAIL
Benjamin W. Boley
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1872

Subject:  In re: JOHN F. CUNEO, JR., an individual; THE HAWTHORN CORPORATION,
an Illinois corporation; THOMAS M. THOMPSON, an individual; JAMES G.
ZAJICEK, an individual; JOHN N. CAUDILL, III, an individual; JOHN N.
CAUDILL, JR., an individual; WALKER BROTHER'S CIRCUS, INC., a Florida
corporation, and; DAVID A. CREECH, an individual, AWA Docket No. 03-0023

Dear Mr. Boley:

I write in response to your letter dated May 7, 2004. I will endeavor to address each of your points.

First, I do not agree with your account of our conversations regarding the Elephant Sanctuary in Hohenwald, Tennessee and the Performing Animal Welfare Society (PAWS) in Galt, California. On two occasions, March 4, 2004, and March 12, 2004, you have told me that Mr. Cuneo did not want to place any of the Hawthorn elephants with either the Elephant Sanctuary or PAWS. On both occasions I specifically advised you of the very real possibility that the Elephant Sanctuary and PAWS would be the only facilities that met the requirements of the Consent Decision and Order in the above-captioned case by August 15, 2004. At no time did APHIS ever agree that the Elephant Sanctuary and PAWS were "unacceptable" or that APHIS would only approve placement of the two tuberculosis-positive elephants at these facilities.

Second, I disagree with your suggestion that any holder of a valid USDA license would meet the requirements of the Consent Decision and should be approved as a donee and that APHIS must "identify specific reasons for its disapproval" of any licensee. I do not believe that the Order imposes such an obligation. Paragraph 3 of the Order states:

> "By August 15, 2004, respondents shall place all of their elephants, by donation, with
> persons who have demonstrated the ability to provide proper care for said animals in

accordance with the Act and the Regulations, and whom the complainant has previously approved as donees."[1]

This means that the Hawthorn elephants are to be placed: (1) by donation[2] (2) with persons[3] (3) who have demonstrated the ability to provide proper care for the elephants in accordance with the Act and the Regulations,[4] and (4) whom APHIS has approved as donees.[5] Nevertheless, seven of Hawthorn's proposed donees do not meet all of the Order's requirements. Five were unwilling or unable to be donees.[6] Three were unable to demonstrate the ability to provide proper care for the elephants in accordance with the Act and the Regulations.[7] One did not meet APHIS's requirement designed to reduce the risk of contagion.[8]

---

[1] *In re John F. Cuneo, Jr.*, Animal Welfare Act Docket No. 03-0023, at 10 (Consent Decision and Order as to Respondents John F. Cuneo, Jr., and The Hawthorn Corporation) (Mar. 12, 2004).

[2] This means a facility that is both willing and able (*e.g.*, has adequate quarantine facilities available) to receive the animals.

[3] "Person means any individual, partnership, firm, joint stock company, corporation, association, trust, estate, or other legal entity." 9 C.F.R. § 1.1.

[4] This means that donees, at a minimum, must: (1) employ trained handlers capable of performing trunk washes, administering anti-tuberculosis drugs and handling aggressive elephants humanely, and (2) be financially able to care for the elephants.

[5] As you know, the Hawthorn elephants present a very real risk of tubercular contagion to the national elephant herd and the general public. In fact, an extremely high number of cases of tuberculosis (six) have been diagnosed in the Hawthorn herd in the last eight years, two of the Hawthorn elephants that are to be donated have tuberculosis and the remaining fourteen that are to be donated have been exposed to tuberculosis. In order to reduce the risk that the donated Hawthorn elephants pose to both elephant welfare and to public health, APHIS will not approve any donee whose facility and elephant(s) are not static (permanently-located, non-traveling), and who would not prohibit contact between a tuberculosis-positive or tuberculosis-exposed Hawthorn elephant and other facilities' elephants. This measure is designed to protect the Hawthorn elephants, elephants that are exhibited by traveling exhibitors, the national elephant herd, and the public.

[6] Marion Nature Park, Patricia Zerbini, The Animal Park, Inc., and Riddle's Elephant and Wildlife Sanctuary, do not have adequate housing, and/or quarantine facilities, available. African Lion Safari/Lion Country Safari declined to be donees.

[7] Endangered Ark Foundation (Carson & Barnes Circus), Marion Nature Park, and The Animal Park, Inc.

[8] George Carden Circus International.

Third, APHIS declines your request to "reconsider its disapproval of" Hawthorn's proposed donees.

Finally, regarding your suggestion that APHIS direct its efforts "toward finding donees for Freida, Debbie, Tess, Liz, Queenie, Lottie, and Minnie," APHIS has already identified donees for each of these elephants and has conveyed the names of those facilities to you.

Respectfully,

*Bernadette R. Juarez*
Bernadette R. Juarez

cc: Dr. DeHaven, Dr. Gipson, Dr. Goldentyer, Dr. Sofranko