# Debra Lynn Leahy v. USDA

# Exhibit F

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

In re:    )   AWA Docket No. 03-0023
          )
JOHN F. CUNEO, JR., an individual;    )
THE HAWTHORN CORPORATION,    )
an Illinois corporation; THOMAS M.    )
THOMPSON, an individual; JAMES G.    )
ZAJICEK, an individual; JOHN N.    )
CAUDILL, III, an individual; JOHN N.    )
CAUDILL, JR., an individual;    )
WALKER BROTHER'S CIRCUS, INC., a    )   CONSENT DECISION AND
Florida corporation, and; DAVID A.    )   ORDER AS TO RESPONDENTS
CREECH, an individual,    )   JOHN F. CUNEO, JR., AND
          )   THE HAWTHORN
          Respondents.    )   CORPORATION

This proceeding was instituted under the Animal Welfare Act, as amended (7 U.S.C. § 2131 et seq.), by an amended complaint filed by the Administrator, Animal and Plant Health Inspection Service, United States Department of Agriculture, alleging, inter alia, that John F. Cuneo, Jr. and The Hawthorn Corporation (the "Hawthorn Respondents") willfully violated the Act and the regulations and standards issued pursuant to the Act (9 C.F.R. § 1.1 et seq.) (the "Regulations" and "Standards"). This decision is entered pursuant to the consent decision provisions of the Rules of Practice applicable to this proceeding (7 C.F.R. § 1.138).

The Hawthorn Respondents admit certain allegations in the amended complaint, as set forth below as findings of fact and conclusions of law, specifically admit that the Secretary has jurisdiction in this matter, waive oral hearing and further procedure, and consent and agree to the entry of this decision for the purpose of settling this proceeding.

The complainant agrees to the entry of this decision.

## Findings of Fact

1.  Respondent John F. Cuneo, Jr., is an individual whose mailing address is 23675 West Chardon Road, Grays Lake, Illinois 60030. At all times mentioned herein, said respondent was the owner and president of respondent The Hawthorn Corporation and directed, managed and controlled its business activities.

2.  Respondent The Hawthorn Corporation is an Illinois corporation whose mailing address is 23675 West Chardon Road, Grays Lake, Illinois 60030, and whose agent for service of process is John F. Cuneo, Jr., 23675 West Chardon Road, Grays Lake, Illinois 60030. At all times mentioned herein, said respondent was licensed and operating as an exhibitor, as that term is defined in the Act and the regulations, under Animal Welfare Act license number 33-C-0053, issued to "The Hawthorn Corporation." In 2001, respondent The Hawthorn Corporation owned 111 animals, including 19 elephants, 90 tigers, and 2 lions.

3.  On or about May 4, 2001, and May 25, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation allowed the public to feed Asian elephants food other than that provided by the facility.

4.  On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and allowed the toenails and footpads of four Asian elephants (Lota, Liz, Delhi, and Tess) to become overgrown.

5.  On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included daily

2

observation of all animals to assess their health and well-being, and failed to accurately observe four Asian elephants (Lota, Liz, Delhi, and Tess) that had overgrown toenails and footpads.

6. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle four Asian elephants (Lota, Liz, Delhi, and Tess) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public.

7. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to have a responsible, knowledgeable, and readily-identifiable employee or attendant present during periods of public contact.

8. On October 2, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle three Asian elephants (Liz, Delhi, and Tess) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public.

9. On October 2, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to have a responsible, knowledgeable, and readily-identifiable employee or attendant present during periods of public contact.



10. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Debbie) as carefully as possible in a manner that did not cause behavioral stress to the animal.

3

MAR-05-2004  13:04                                                                            P.06

11. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause trauma to the animal.

12. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause behavioral stress to the animal.

13. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause physical harm to the animal.

14. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal.

15. On or about October 24, 2001, through October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle an Asian elephant (Debbie) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and the public.

16. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle an Asian elephant (Judy) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and

4

the public.

17. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause trauma to the animal.

18. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause physical harm to the animal.

19. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal.

20. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and allowed the toenails and/or cuticles of three elephants (Frieda, Sue, and Billy) to become overgrown.

21. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and failed to observe the overgrown toenails and/or cuticles of three elephants (Frieda, Sue, and Billy).

## Conclusions

1. On or about May 4, 2001, and May 25, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation allowed the public to feed Asian elephants food other than that

5

provided by the facility, in willful violation of section 2.131(c)(4) of the Regulations. 9 C.F.R. § 2.131(c)(4).

2. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, in willful violation of section 2.40(b)(1) of the Regulations. 9 C.F.R. § 2.40(b)(1).

3. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, in willful violation of section 2.40(b)(3) of the Regulations. 9 C.F.R. § 2.40(b)(3).

4. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle four Asian elephants so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public, in willful violation of section 2.131(b)(1) of the Regulations. 9 C.F.R. § 2.131(b)(1).

5. On June 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to have a responsible, knowledgeable, and readily identifiable employee or attendant present during periods of public contact, in wilful violation of section 2.131(c)(2). 9 C.F.R. § 2.131(c)(2).

6. On October 2, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle three Asian elephants so there was

6

minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public, in willful violation of section 2.131(b)(1) of the Regulations. 9 C.F.R. § 2.131(b)(1).

7.  On October 2, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to have a responsible, knowledgeable, and readily identifiable employee or attendant present during periods of public contact, in willful violation of section 2.131(c)(2) of the Regulations. 9 C.F.R. § 2.131(c)(2).

8.  On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Debbie) as carefully as possible in a manner that did not cause behavioral stress to the animal, in willful violation of section 2.131(a)(1) of the Regulations 9 C.F.R. § 2.131(a)(1).

9.  On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause trauma to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

10. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause behavioral stress to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

11. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that

7

did not cause physical harm to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

12. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

13. On or about October 24, 2001 through October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle an Asian elephant (Debbie) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and the public, in willful violation of section 2.131(b)(1) of the Regulations. 9 C.F.R. § 2.131(b)(1).

14. On October 27, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed, during a public exhibition, to handle an Asian elephant (Judy) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and the public, in willful violation of section 2.131(b)(1) of the Regulations. 9 C.F.R. § 2.131(b)(1).

15. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause trauma to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

8

16. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause physical harm to the animal, in willful violation of section 2.131(a)(1) of the Regulations. 9 C.F.R. § 2.131(a)(1).

17. On or about February 15, 2002, through March 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal, in willful violation of section 2.131(a)(1) of the Regulations 9 C.F.R. § 2.131(a)(1).

18. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, in willful violation of section 2.40(b)(1) of the Regulations. 9 C.F.R. § 2.40(b)(1).

19. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation failed to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, in willful violation of section 2.40(b)(3) of the Regulations. 9 C.F.R. § 2.40(b)(3).

## Order

1. Respondents are jointly and severally assessed a civil penalty of $200,000, to be paid by certified check or money order made payable to the Treasurer of the United States, by March 15, 2004.

2. Respondents, their agents and employees, successors and assigns, directly or

through any corporate or other device, shall cease and desist from violating the Act and the Regulations and Standards.

3. By August 15, 2004, respondents shall place all of their elephants,[1] by donation, with persons who have demonstrated the ability to provide proper care for said animals in accordance with the Act and the Regulations, and whom the complainant has previously approved as donees.

4. If respondents fail to comply with paragraph 3 of this order, upon respondents' receipt of notice and accompanying supporting documentation from the complainant, Animal Welfare Act license number 33-C-0053 shall be revoked immediately, without further procedure. Respondents agree to a prospective waiver of any right to notice and opportunity for a hearing pursuant to section 19 of the Act (7 U.S.C. § 2149) as to any such failure to comply with paragraph 3, and the parties agree that respondents may seek further review or injunctive, declaratory or other appropriate relief pursuant to section 2146(c) of the Act (7 U.S.C. § 2146(c)), in the district court in the district where respondents reside or have their place of business.

5. Respondents and complainant mutually agree to work cooperatively to effectuate the donation of respondents' elephants as swiftly as possible consistent with the terms of order paragraph 3 of this order. To that end, the complainant agrees to issue a letter permitting the transport of such elephant or elephants to an approved donee, without regard to the status of such elephant or elephants under the *Guidelines for the Control of Tuberculosis in Elephants*.

---

[1] Respondents hereby represent that the number such of elephants is 16.

6. If by August 15, 2004, despite respondents' and complainant's best efforts, none of the donees proposed by respondents or complainant and approved by complainant agrees to accept the donation of any one of respondents' elephants solely because such animal is identified as a "Class C" or "Class D" elephant pursuant to the *Guidelines for the Control of Tuberculosis in Elephants*, then respondents and complainant hereby agree to renegotiate the deadline set forth in paragraph 3, as to such unplaced elephant(s).

7. Respondents agree to transport the donated elephants as necessary to the facility of the approved donee or donees. Respondents further agree to provide to each of the elephants, humane care (including veterinary care), husbandry, and housing until such time as each and every elephant is placed in accordance with the provisions of paragraph 3.

The provisions of this order shall become effective on March 15, 2004. Copies of this decision shall be served upon the parties.

_____
John F. Cuneo, Jr.
Respondent

THE HAWTHORN CORPORATION

By _____
   President

_____
Bernadette R. Juarez
Attorney for Complainant

Done at Washington, D.C.
this ___ day of March, 2004

_____
Marc Hillson
Administrative Law Judge

11