## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**DEBRA LYNNE LEAHY** *et al.*,              )
                                            )
        *Plaintiffs*,                        )
                                            )        **Civil No. 05-1135**
    **v.**                                   )        **Judge Paul L. Friedman**
                                            )
**THE UNITED STATES DEPARTMENT**             )
    **OF AGRICULTURE,** *et al.*,            )
                                            )
        *Defendants*.                        )
_____)

### UNOPPOSED MOTION OF JOHN F. CUNEO, JR., AND THE HAWTHORN CORPORATION TO INTERVENE AS DEFENDANT-INTERVENORS

Pursuant to Federal Rule of Civil Procedure 24, John F. Cuneo, Jr., and the

Hawthorn Corporation hereby respectfully request leave to intervene as of right, or, in the

alternative, by permission in the above-captioned case as Defendants-Intervenors

supporting the decision by the United States Department of Agriculture ("USDA") to

approve donations of their elephants to the facility of their choosing – namely, the

Endangered Ark Foundation ("EAF") – against Plaintiffs' claims that USDA's decision

violates the Administrative Procedure Act, 5 U.S.C. § 706(2), and should be enjoined.

Both Plaintiffs and Defendant have authorized the undersigned to represent that they do

not oppose this motion.  As elaborated upon in the accompanying memorandum of law,

John F. Cuneo, Jr., and the Hawthorn Corporation ("Defendants-Intervenors") clearly are

entitled to intervene.

1.      To date, Defendants-Intervenors have labored extremely hard, and at great

personal expense and sacrifice, to identify EAF as a qualified facility that can provide

outstanding care and an excellent home for their elephants -- and to execute donations and to arrange for transportation to proceed with USDA approval. Were Plaintiffs to prevail in this action, then all of this effort and expense on the part of Defendant-Intervenors would potentially be for naught.

2. Moreover, Defendants-Intervenors are currently responsible for providing food, housing, and care for the elephants on an ongoing basis, which means that they incur personal expense and other burdens each day that successful transportation of the elephants to EAF is in any way frustrated or delayed.

3. In addition, Defendants-Intervenors have determined that the elephants in question, which they have owned and loved for decades, will be best served by going to EAF, a course that is obviously imperiled by this litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 (1992) ("the person who observes or works with a particular animal threatened by a federal decision is facing perceptible harm"); *ASPCA v. Ringling Bros. and Barnum & Bailey Circus*, 317 F.3d 334 (D.C. Cir. 2003).

4. Finally, Defendants-Intervenors are parties to a consent decision with USDA that requires timely donations of the elephants. To the extent that donations are not successfully brought to closure and elephants remain with Defendants-Intervenors, they may face potential legal exposure as a result.

5. Were Defendants-Intervenors not granted intervention as of right, they should nonetheless be permitted to intervene in light of the strong commonality between their arguments in favor of donations to EAF and USDA's exercise of its approval authority under the parties' consent decision and those the United States is expected to advance as Defendant in this action.

\*       \*       \*

Wherefore, Defendants-Intervenors respectfully request leave to intervene.

Dated: June 9, 2005                                    Respectfully submitted,


                                                       __s/Vincent J. Colatriano_____
                                                       Derek L. Shaffer
                                                            (DC Bar No. 478775)
                                                       Vincent J. Colatriano
                                                            (DC Bar. No. 429562)
                                                       Michael Weitzner
                                                            (DC Bar No. 472505)
                                                       Kathryn L. Wheelbarger
                                                       COOPER & KIRK, PLLC
                                                       1500 K St., N.W., Suite 200
                                                       Washington, D.C.  20005
                                                       (202) 220-9600

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
**DEBRA LYNNE LEAHY** *et al*.,                 )
                                                )
              *Plaintiffs*,                     )
                                                )    **Civil No. 05-1135**
       **v.**                                   )    **Judge Paul L. Friedman**
                                                )
**THE UNITED STATES DEPARTMENT**                )
   **OF AGRICULTURE,** *et al*.,                )
                                                )
              *Defendants*.                     )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION OF
JOHN F. CUNEO, JR., AND THE HAWTHORN CORPORATION
TO INTERVENE AS DEFENDANT-INTERVENORS**

Pursuant to Federal Rule of Civil Procedure 24, John F. Cuneo, Jr., and the

Hawthorn Corporation hereby respectfully request leave to intervene as of right, or, in the

alternative, by permission in the above-captioned case as Defendant-Intervenors

supporting the decision by the United States Department of Agriculture ("USDA") to

approve donations of their elephants to the facility of their choosing – namely, the

Endangered Ark Foundation ("EAF") – against Plaintiffs' claims that USDA's decision

violates the Administrative Procedure Act, 5 U.S.C. § 706(2) and should be enjoined.

Both Plaintiffs and Defendant have authorized the undersigned to represent that they do

not oppose this motion.

**BACKGROUND**

Plaintiffs yesterday filed this action against USDA, asserting that USDA's

decision to approve the transfer of three elephants[*] from the Hawthorn Corporation's facilities in Richmond, Illinois to the Endangered Ark facility in Oklahoma is arbitrary and capricious and an abuse of discretion, and seeking declaratory, injunctive, and other relief.  *See* Verified Complaint for Declaratory and Injunctive Relief at 1-2.  Mr. Cuneo owns the Hawthorn Corporation, and both he and his corporation are parties to the consent decision – arising from a USDA enforcement action in which they were named as respondents – pursuant to which their elephants have been donated to EAF.  In order to safeguard their interests, which are conjoined with those of the elephants they own and cherish, Mr. Cuneo and the Hawthorn Corporation (collectively, "Defendants-Intervenors") seek to intervene in this action.

## ARGUMENT

To date, Defendants-Intervenors have labored extremely hard, and at great personal expense and sacrifice, to identify EAF as a qualified facility that can provide outstanding care and an excellent home for their elephants – and to execute donations and to arrange for transportation to proceed with USDA approval.  Were Plaintiffs to prevail in this action, then all of this effort and expense on the part of Defendants-Intervenors would potentially be for naught.  Moreover, Defendants-Intervenors are currently responsible for providing food, housing, and care for the elephants on an ongoing basis, which means that they incur personal expense and other burdens each day that successful transportation of the elephants to EAF is in any way frustrated or delayed.  Furthermore, Defendants-Intervenors have determined that the elephants in question, which they have

---

[*] Although Plaintiffs consistently reference only three elephants (Ronnie, Gypsy, and Joy), a fourth elephant (Debbie), has likewise been approved for donation and transportation to EAF, and is therefore slated to accompany the other three.

owned and loved for decades, will be best served by going to EAF, a course that is obviously imperiled by this litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 (1992) ("the person who observes or works with a particular animal threatened by a federal decision is facing perceptible harm"); *ASPCA v. Ringling Bros. and Barnum & Bailey Circus*, 317 F.3d 334 (D.C. Cir. 2003). Under these circumstances, we respectfully submit that Defendants-Intervenors are undoubtedly entitled to intervene as of right under Rule 24(a), and should, in any event, be permitted to do so under Rule 24(b).

According to the D.C. Circuit, this Court should, in deciding whether to grant intervention as of right, consider: "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *see also* FED. R. OF CIV. P. 24(a)(2). As to timeliness, Defendants-Intervenors are moving some 24 hours after learning of Plaintiffs' intention to file suit. As to interest, Defendants-Intervenors are the owners of the elephants in question and parties to both the donative and approval transactions that are the primary subjects of this action; they are also parties to a consent decision with USDA that requires timely donations of the elephants, under which they may potentially face continuing legal exposure so long as donations are impaired. *See Nuesse v. Camp*, 385 F.2d 694, (D.C. Cir. 1967) ("'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

3

compatible with efficiency and due process.").  As to the practical import of this

litigation, it directly stands to frustrate and foreclose Defendants-Intervenors ability to

timely dispose of their elephants to the facility they deem appropriate.   Finally, as to

representation by the existing parties, Defendants-Intervenors must submit, with all due

respect for the United States, that their interests in opposing Plaintiffs are quite distinct

insomuch as they are the donors of these elephants, who initially identified and selected

EAF as the appropriate home for them.  Under these circumstances, intervention is to be

granted as a matter of course.

     Indeed, Defendants-Intervenors unique status and interest in this litigation have

already been acknowledged.  Before filing suit, Plaintiffs specifically apprised the

undersigned counsel of their intentions and inquired regarding the status of plans to

transport the elephants.   Plaintiffs likewise served Defendants-Intervenors with their

initial papers.  Thereafter, Defendants-Intervenors were positioned to promptly assure the

parties and the Court that the elephants in question will not be transported until Monday,

June 20, at the earliest, thereby informing and facilitating an appropriate scheduling

order.

     Were Defendants-Intervenors not entitled to intervene as of right, they should

nonetheless be permitted to intervene.  Intervention by permission is appropriate "when

an applicant's claim or defense and the main action have a question of law or fact in

common."   FED. R. CIV. P. 24(b)(2).  This dispute focuses upon elephants and donative

decisions that Defendants-Intervenors control, and in which they have a cognizable

financial, legal, and personal interest.  Defendants-Intervenors arguments as to why EAF

is an appropriate donee facility and why USDA's approval comports with the relevant

consent decision are not only common, but inextricably tied, to the defenses the United

States is expected to advance before this Court.  Permissive intervention is therefore

wholly appropriate.

**CONCLUSION**

For the foregoing reasons, Defendants-Intervenors respectfully request leave to

intervene.

Dated: June 9, 2005                                      Respectfully submitted,


                                                         __s/Vincent J. Colatriano_____
                                                         Derek L. Shaffer
                                                              (DC Bar No. 478775)
                                                         Vincent J. Colatriano
                                                              (DC Bar. No. 429562)
                                                         Michael Weitzner
                                                              (DC Bar No. 472505)
                                                         Kathryn L. Wheelbarger
                                                         COOPER & KIRK, PLLC
                                                         1500 K St., N.W., Suite 200
                                                         Washington, D.C.  20005
                                                         (202) 220-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2005, I caused a copy of the foregoing to be

served via electronic mail and overnight delivery, postage prepaid upon the counsel below:


Tanya M. Sanerib
Katherine A. Meyer
MEYER, GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C.  20009
E-mail:  tanyasanerib@meyerglitz.com

James Gilligan
Isaac Campbell
UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Civil Division
Office of Federal Programs
Washington, DC 20530-0001
E-Mail:  James.Gilligan@usdoj.gov
E-Mail:  Isaac.Campbell@usdoj.gov



___s/Stephanie Sherman_____