IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DEBRA LYNNE LEAHY** *et al.*, ) | ) | |
| *Plaintiffs*, | ) ) ) | Civil No. 05-1135 |
| v. | ) ) | Judge Paul L. Friedman |
| **THE UNITED STATES DEPARTMENT OF AGRICULTURE**, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

### ANSWER OF DEFENDANTS-INTERVENORS
### JOHN F. CUNEO AND THE HAWTHORN CORPORATION

Defendants-Intervenors John F. Cuneo, Jr., and The Hawthorn Corporation, by and through the undersigned counsel, hereby file this Answer to Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief ("Complaint"):

1. The allegations in the first sentence of Paragraph 1 of the Complaint generally call for legal conclusions to which no response is required. To the extent that any response is required, Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations and otherwise deny these allegations, except for admitting that the Hawthorn Corporation does own and intend to donate specified elephants to the Endangered Ark Foundation, and has obtained approval from USDA to do so under the relevant consent decision, notwithstanding that such approval earlier had not been granted.

2. The allegation in Paragraph 2 calls for a legal conclusion to which no response is required.

3. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations and otherwise deny the allegations in Paragraph 3, including, specifically any suggestion that Ms. Leahy has visited the specific elephants in question, has had access to the facilities in which they are kept, or currently has or might later gain an invitation to visit them or access the relevant facilities.

4. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and therefore deny those allegations.

5. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and therefore deny those allegations.

6. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore deny those allegations.

7. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore deny those allegations.

8. Defendants-Intervenors admit the allegation in Paragraph 8 through "placement of the Hawthorn elephants," and deny the remaining allegations.

9. Defendants-Intervenors admit the allegation in Paragraph 9 through "placement of the animals."

10. The allegations in Paragraph 10 call for a legal conclusion to which no response is required. To the extent any response is required, Defendants-Intervenors generally deny the

allegations in Paragraph 10, except that they admit the Animal Welfare Act ("AWA") is administered by the United States Department of Agriculture.

11. Defendants-Intervenors admit the allegation in Paragraph 11, to the extent it does not call for a legal conclusion.

12. The allegations in Paragraph 12 call for a legal conclusion to which no response is required. To the extent any response is required, Defendants-Intervenors deny the allegations in Paragraph 12 except insomuch as the terms of the regulations, policy statements, and guidelines cited speak for themselves.

13. Defendants-Intervenors deny the allegations in Paragraph 13.

14. Defendants-Intervenors admit the allegations in Paragraph 14, to the extent they do not call for a legal conclusion.

15. Defendants-Intervenors deny the allegations in Paragraph 15 because they over-generalize in ways that inaccurately purport to describe all elephants, of which there are different kinds (Asian and African), of different ages, in vastly different habitats and circumstances.

16. Defendants-Intervenors admit the allegations in Paragraph 16 through "their family unit" as a general rule, and deny the remaining allegations.

17. Defendants-Intervenors admit the allegations in Paragraph 17.

18. Defendants-Intervenors deny that the consent decision was entered on March 13, 2004, but otherwise admit that the consent decision contains statements, *inter alia*, that, with respect to specified elephants and dates, Defendants-Intervenors "failed to establish and maintain programs of adequate veterinary care"; "failed to handle [the elephant] as carefully as possible in a manner that did not cause behavioral stress"; and "failed to handle [the elephant] as carefully as possible in a manner that did not cause physical harm."

19.     Defendants-Intervenors admit that relevant terms of the Decision and Order include, *inter alia*, the following: "By August 15, 2004, [Defendants–Intervenors] shall place all of their elephants, by donation, with persons who have demonstrated the ability to provide proper care for said animals in accordance with the [Animal Welfare] Act and Regulations, and whom the [USDA] has previously approved as donees."

20.     Defendants-Intervenors deny the allegations in Paragraph 20, except to the extent that the consent decision states, *inter alia*, that Defendants-Intervenors "agree to provide for each of the elephants, humane care (including veterinary care), husbandry, and housing until such time as each and every elephant is placed."

21.     Defendants-Intervenors admit that, in a letter dated April 30, 2004, the USDA informed Defendants–Intervenors that it did not at that time approve George Carden Circus International, Marion Nature Park, Endangered Ark Foundation (Carson & Barnes Circus), and Patricia Zerbini as donees.

22.     Defendants-Intervenors admit that, on May 21, 2004, the USDA sent Defendants-Intervenors a letter stating, *inter alia*, that the "Endangered Ark Foundation (Carson & Barnes Circus), Marion Nature Park, and The Animal Park, Inc." "were unable to demonstrate the ability to provide proper care for the elephants in accordance with the Act and Regulations." This letter also stated, referring to specific conversations between counsel for USDA and counsel for Defendants-Intervenors that were described as having occurred on March 4 and 12, 2004: "I specifically advised you of the very real possibility that the Elephant Sanctuary and PAWS would be the only facilities that met the requirements of the Consent Decision and Order in the above captioned case by August 15, 2004."

23. Defendants-Intervenors admit that a letter of July 19, 2004 from USDA's counsel to their counsel stated, *inter alia*, that "Endangered Ark Foundation (Carson & Barnes Circus) has not demonstrated the ability to comply with the Animal Welfare Act and Regulations."

24. Defendants-Intervenors deny the allegations in Paragraph 24, except insofar as they admit that the Endangered Ark Foundation had not been specifically approved by USDA as of August 15, 2004.

25. Defendants-Intervenors deny the allegations in Paragraph 25 or otherwise lack knowledge and information sufficient to form a belief as to their truth.

26. Defendants-Intervenors admit the allegation in Paragraph 26 that, prior to August 15, 2004, USDA had approved The Elephant Sanctuary along with certain other prospective donees to receive certain elephants under limited circumstances; the remaining allegations are denied.

27. Defendants-Intervenors deny the allegations in Paragraph 27.

28. Defendants-Intervenors deny the allegations in Paragraph 28 except insofar as they contain predictive statements and subjective speculation that are insusceptible to admissions or denials.

29. Defendants-Intervenors admit the allegations in Paragraph 29 as they relate to statements made by Mr. Cuneo in an August 2004 declaration.

30. Defendants-Intervenors admit the allegations in Paragraph 30 to the extent that USDA in recent weeks approved donations of Ronnie, Gypsy, and Joy to the Endangered Ark Foundation, and otherwise deny the allegations.

31. Defendants-Intervenors lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore deny those allegations.

32. Defendants-Intervenors deny the allegations in Paragraph 32 except insofar as they lack knowledge and information sufficient to form a belief as to the truth of the allegations.

33. Defendants-Intervenors deny the allegation in Paragraph 33.

34. Defendants-Intervenors deny the allegation in Paragraph 34.

35. The allegations in Paragraph 35 call for legal conclusions to which no response is required.

36. The allegations in Paragraph 36 call for legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

1. <u>Defendants-Intervenors' First Affirmative Defense</u>**:** Plaintiffs' belated effort to obtain a temporary restraining order and/or preliminary injunction on the eve of transportation is untimely, blocked by laches, and otherwise estopped and foreclosed, as Plaintiffs learned no later than <u>May 18</u>, 2005 that USDA had approved the elephants in question for donation to EAF, as evidenced by their public statements, but waited <u>at least three weeks</u> to file this suit and demand immediate ruling by the Court.

2. <u>Defendants-Intervenors' Second Affirmative Defense</u>: Under Article III of the United States Constitution and prudential doctrines, Plaintiffs lack standing that is prerequisite to this Court's exercise of jurisdiction over the subject matter.

3. <u>Defendants-Intervenors' Third Affirmative Defense</u>: Plaintiffs have failed to state any claim upon which relief might be granted.

\*   \*   \*

Defendants-Intervenors respectfully request that this Court deny the relief sought by the Plaintiffs.

Dated: June 9, 2005                                          Respectfully submitted,


   _s/Vincent J. Colatriano_____
Derek L. Shaffer
   (DC Bar No. 478775)
Vincent J. Colatriano
   (DC Bar. No. 429562)
Michael Weitzner
   (DC Bar No. 472505)
Kathryn L. Wheelbarger
COOPER & KIRK, PLLC
1500 K St., N.W., Suite 200
Washington, D.C. 20005
(202) 220-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2005, I caused a copy of the foregoing to be served via electronic mail and overnight delivery, postage prepaid upon the counsel below:

>Tanya M. Sanerib
>Katherine A. Meyer
>MEYER, GLITZENSTEIN & CRYSTAL
>1601 Connecticut Avenue, N.W.
>Suite 700
>Washington, D.C.  20009
>E-mail:  tanyasanerib@meyerglitz.com
>
>James Gilligan
>Isaac Campbell
>UNITED STATES DEPARTMENT OF JUSTICE
>950 Pennsylvania Avenue, NW
>Civil Division
>Office of Federal Programs
>Washington, DC 20530-0001
>E-Mail:  James.Gilligan@usdoj.gov
>E-Mail:  Isaac.Campbell@usdoj.gov

\_\_s/Stephanie Sherman_____