UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA LYNN LEAHY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 05-1135 (PLF) |
| ) | |
| THE UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al. ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| THE HAWTHORN CORPORATION and JOHN F. ) | |
| CUNEO, ) | |
| ) | |
| Defendant -Intervenors. ) | |

**PLAINTIFFS' MOTION TO FILE A DVD IN SUPPORT OF
THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER
AND MEMORANDUM IN SUPPORT THEREOF**

As an Exhibit in support of their Motion for a Temporary Restraining Order, plaintiffs have prepared a DVD of video footage recorded at a Carson & Barnes facility of an elephant training session by Tim Frisco, who is now a high level official of Carson & Barnes' "Endangered Ark Foundation." Exhibit A. The DVD is approximately 4 minutes and 40 seconds long. According to the Clerk's Office, because of the electronic filing system, DVDs may only be filed by seeking leave of Court. Thus, by this Motion, plaintiffs seek leave to file this DVD in support of their motion for a temporary restraining order. Moreover, because plaintiffs rely on this DVD both for the merits of their case as it was before the USDA when it made the challenged decision, as well as the equities, they should clearly be allowed to provide a copy of this evidence to the Court. See Walter O. Boswell Memorial Hospital v. Heckler, 749

F.2d 788, 792 (D.C. Cir. 1984) (the Administrative Record includes all "the materials that were before the [agency] at the time its decision was made"); see also Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) (Plaintiffs need not establish admissibility of evidence at the preliminary injunction stage).  Indeed, plaintiffs rely heavily on this Exhibit throughout their memorandum in support of their motion for a temporary restraining order (now being considered as a motion for a preliminary injunction).  Accordingly, plaintiffs would be severely prejudiced if they were not permitted to file this Exhibit with the Court.

Plaintiffs have made several unsuccessful attempts to obtain the federal defendants' position on this request.  The applicants for intervention do not oppose the physical lodging of the DVD with the Court but have stated that they do oppose the footage being considered by the Court.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant this Motion, and allow the DVD to be filed.

Respectfully submitted,

Tanya Sanerib
(D.C. Bar No. 473506)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C.  20009
Date:   June 13, 2005                                             (202) 588.5206