UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

USDA
OALJ/HCO
2004 AUG 13 P 3:31
RECEIVED

In re: )
) AWA Docket No. 03-0023
JOHN F. CUNEO, JR., an individual; )
THE HAWTHORN CORPORATION, )
an Illinois corporation; THOMAS M. )
THOMPSON, an individual; JAMES G. )
ZAJICEK, an individual; JOHN N. )
CAUDILL, III, an individual; JOHN N. )
CAUDILL, JR., an individual; )
WALKER BROTHER'S CIRCUS, INC., a )
Florida corporation, and DAVID A. )
CREECH, an individual, )
)
                Respondents )

**Ruling Extending Compliance Deadline in Consent Decision Pending Rulings on Emergency Motion to Compel Enforcement and Motion to Vacate The Consent Decision and Order**

On March 12, 2004, I signed a consent decision resolving litigation between Complainant and Respondents Cuneo and The Hawthorn Corporation. The Decision imposed a number of obligations on both Respondents and the Complainant, principally including the payment of a $200,000 civil penalty, and an agreement for the parties to "work cooperatively" to effectuate the donation, by Respondents, of all sixteen of their elephants, by August 15, 2004. The Consent Decision provided that if Respondents failed to donate their elephants by the August 15 deadline, their license under the Animal Welfare Act "shall be revoked immediately, without further procedure."

08/13/04 15:55 FAX 2026908790    USDA  Admin Law Judges                 ☒003
Case 1:05-cv-01135-PLF    Document 7-10    Filed 06/15/2005    Page 2 of 6

2

On July 22, Respondents filed an Emergency Motion seeking to compel enforcement of the consent decision, and/or to stay or otherwise extend the August 15 deadline for donation. In this motion, Respondents contended that Complainant was not living up to its obligations under the Consent Decision. Respondent contended, among other things, that Complainant had obstructed the donation process rather than working cooperatively to effectuate the donations, that Complainant had delayed responding to numerous phone calls and letters regarding elephant placement, that Complainant disapproved a number of potential donation recipients without giving timely or adequate reason for the disapprovals, that Complainant was trying to steer the donations to two organizations that Respondent did not want to utilize, even though Complainant had earlier indicated there were 29 potential donees, and that Complainant after signing the Consent Decision essentially changed the rules for donee qualification.

On August 6, Complainant filed a response which contended that I lacked jurisdiction to grant Respondents' Motion, which it treated as a unilateral motion to modify the consent decision. Complainant did not address any of Respondent's contentions concerning its conduct during the period between (and to some extent before) the signing of the Consent Decision and the filing of the Emergency Motion. Complainant principally cited *In re Far West Meats*, 55 Agric. Dec. 1033 (1996), where the Judicial Officer indicated that an administrative law judge had no jurisdiction to modify a consent decision unless all parties to the decision so requested. The response did not address the authority of an administrative law judge to take measures to enforce the terms of a consent decision.

08/13/04 15:51 FAX 202 690 0790  USDA, Admin Law Judges  Case 1:05-cv-01135-PLF  Document 7-10  Filed 06/15/2005  Page 3 of 6  ☒004

3

On August 10, Respondents filed a Motion to Vacate the Consent Decision and Order, contending that the Consent Decision was fraudulently induced, was predicated upon a unilateral mistake, and was based on an illusory promise by Complainant.

Recognizing that prompt action was necessary, I conducted a conference call on the afternoon of August 12 with counsel for all three parties to the Consent Decision. During this call, in addition to expanding on the legal arguments made in the motions and response, counsel for Complainant indicated that Complainant had significant disputes concerning the numerous factual allegations made by Respondents in the Emergency Motion, many of which were discussed in greater detail during the conference call.

I conclude that an administrative law judge does have the jurisdiction to determine whether the parties to a consent decision are performing their duties under the decision, and to take actions to assure that the obligations agreed to by the parties to a decision are in fact being honored. If a party to such a decision contends that another party is not complying with the terms of the agreement, the allegedly compliant party must have some recourse. In this case, if Respondent had no means of assuring compliance by Complainant with the obligations imposed upon it by the Consent Decision, it must, according to Complainant, submit to an immediate revocation of its exhibitor's license, which could only be reviewed in Federal district court. While this portion of the Consent Decision raises a question of whether the parties are by contract attempting to impose jurisdiction on the Federal courts rather than exhausting administrative remedies, the fact is that Respondent filed the Emergency Motion over three weeks before the

August 15 compliance date in the Consent Decision, before the Federal courts would have jurisdiction in an event. At the time of filing, and continuing through the date of this Ruling, there is no one other than a USDA administrative law judge who would appear to have any jurisdiction concerning issues of compliance with the Decision.

This holding is not inconsistent with *Far West Meats*. In holding that an alj could not modify a Consent Decision unless both parties to the decision agreed, the Judicial Officer did not speak to whether an alj had jurisdiction to resolve issues as to whether one or more of the parties to such a decision were complying with the obligations imposed on it by the decision, or whether the alj could compel a party to comply with the obligations to which it agreed. While the Emergency Motion does seek modification of the August 15 compliance date, it is only in the context of the request to compel enforcement of obligations under the Decision that Complainant has allegedly not complied with. If I have jurisdiction to grant the Emergency Motion, then it stands to reason that I can stay the August 15 compliance date to hold a hearing or review other written evidence to allow me to determine if the Motion should be granted. Staying a portion of the Decision to allow determination of these issues is not a "modification" of the Decision, just a necessary delay while I hear the evidence and make my ruling.

Similarly, it is within my jurisdiction to take evidence to determine whether I should grant Respondents' Motion to Vacate the Consent Judgment and Order. At this point, Complainant has not filed a response to this Motion, which was only filed three days ago. The Judicial Officer in *Far West Meats* specifically ruled that an administrative law judge

entered," and whether there was no "genuine assent" to the agreement due to such factors as fraud or duress. *Id.*, at 1054-6. Respondents contend that these extraordinary circumstances are present here. Since Complainant is entitled to respond to these contentions and since I have to possibly hold a hearing or otherwise take evidence to determine whether or not vacation of the Decision is appropriate, I have an independent basis to stay the August 15 compliance date until I can make my determination.

Next steps—Complainant is directed to file a response to Respondents' Motion to Vacate by August 25. I will schedule a conference call with the parties in the next two weeks to determine what further proceedings, including an evidentiary hearing, would be appropriate to resolve the issues presented by these two motions, and to schedule such a hearing, if necessary. Until I rule on the two pending motions, I am staying the August 15 compliance date in paragraph 3 of the Order contained in the Consent Decision.

I direct the Hearing Clerk to serve this Ruling by facsimile.

Done at Washington, D.C.

This 13th day of August, 2004

*Marc R. Hillson*
MARC R. HILLSON
Chief Administrative Law Judge



**USDA/OALJ**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Derek Shaffer, Cooper & Kirk | **From:** | Diane Green |
| **Fax:** | (202) 220-9601 | **Pages:** | 6 |
| **Phone:** | 2/220-9600 | **Date:** | 8/13/2004 |
| **Re:** | AWA Docket No. 03-0023 | **CC:** | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments: