UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| In re: | ) | AWA Docket No. 03-0023 |
| | ) | |
| John F. Cuneo, Jr., an individual; | ) | |
| The Hawthorn Corporation, an Illinois | ) | |
| corporation; Thomas M. Thompson, an | ) | |
| individual; James G. Zajicek, an | ) | |
| individual; John N. Caudill, III, an | ) | |
| individual; John N. Caudill, Jr., an | ) | |
| individual; Walker Brother's Circus, | ) | |
| Inc., a Florida corporation; and | ) | **Order Dismissing** |
| David A. Creech, an individual, | ) | **Complainant's Appeal Petition** |
| | ) | **as to John F. Cuneo, Jr., and** |
| Respondents | ) | **The Hawthorn Corporation** |

On March 12, 2004, Chief Administrative Law Judge Marc R. Hillson [hereinafter the Chief ALJ] issued a "Consent Decision and Order as to Respondents John F. Cuneo, Jr., and The Hawthorn Corporation" [hereinafter Consent Decision].[1] On July 22, 2004, John F. Cuneo, Jr., and The Hawthorn Corporation [hereinafter Respondents] filed a motion to compel enforcement of the Consent Decision and on August 10, 2004, Respondents filed a motion to vacate the Consent Decision.

---

[1] *In re John F. Cuneo, Jr.* (Consent Decision as to John F. Cuneo, Jr., and The Hawthorn Corporation), 63 Agric. Dec. ___ (Mar. 12, 2004).

2

On August 13, 2004, Chief Administrative Law Judge Marc R. Hillson [hereinafter the Chief ALJ] issued a "Ruling Extending Compliance Deadline in Consent Decision Pending Rulings on Emergency Motion to Compel Enforcement and Motion to Vacate the Consent Decision and Order" [hereinafter Ruling Extending Compliance Deadline].

On August 26, 2004, Complainant appealed to the Judicial Officer seeking an order vacating the Chief ALJ's Ruling Extending Compliance Deadline. On September 21, 2004, Respondents filed a response to Complainant's appeal petition and requested oral argument before the Judicial Officer. On October 8, 2004, Complainant filed a response to Respondents' request for oral argument before the Judicial Officer. On October 18, 2004, Complainant filed a "Notice of Correction to Complainant's Appeal Petition." On November 8, 2004, the Hearing Clerk transmitted the record to the Judicial Officer for consideration and decision.

Respondents' request for oral argument before the Judicial Officer, which, pursuant to the Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary Under Various Statutes (7 C.F.R. §§ 1.130-.151) [hereinafter the Rules of Practice], the Judicial Officer may grant, refuse, or limit,[2] is refused because Complainant and Respondents have thoroughly addressed the issues and the issues are not complex. Thus, oral argument would appear to serve no useful purpose.

---

[2] See 7 C.F.R. § 1.145(d).

3

Based upon a careful consideration of the record, I find the Chief ALJ's Ruling Extending Compliance Deadline is not a *decision* as defined in the Rules of Practice, which provides for appeal of an administrative law judge's decision to the Judicial Officer. Therefore, the Chief ALJ's Ruling Extending Compliance Deadline cannot be appealed to the Judicial Officer.

Section 1.145(a) of the Rules of Practice limits the time during which a party may file an appeal to a 30-day period after receiving service of an administrative law judge's written decision, as follows:

> **§ 1.145 Appeal to Judicial Officer.**
>
> (a) *Filing of petition.* Within 30 days after receiving service of the Judge's decision, if the decision is a written decision, or within 30 days after the issuance of the Judge's decision, if the decision is an oral decision, a party who disagrees with the decision, any part of the decision, or any ruling by the Judge or who alleges any deprivation of rights, may appeal the decision to the Judicial Officer by filing an appeal petition with the Hearing Clerk.

7 C.F.R. § 1.145(a).

The Rules of Practice define the word *decision* as follows:

> **1.132 Definitions.**
>
> As used in this subpart, the terms as defined in the statute under which the proceeding is conducted and in the regulations, standards, instructions, or orders issued thereunder, shall apply with equal force and effect. In addition and except as may be provided otherwise in this subpart:
> . . . .
> *Decision* means: (1) The Judge's initial decision made in accordance with the provisions of 5 U.S.C. 556 and 557, and includes the Judge's (i) findings and conclusions and the reasons or basis therefor on all

4

material issues of fact, law or discretion, (ii) order, and (iii) rulings on proposed findings, conclusions and orders submitted by the parties; and
    (2) The decision and order by the Judicial Officer upon appeal of the Judge's decision.

7 C.F.R. § 1.132.

The Chief ALJ's Ruling Extending Compliance Deadline is not an initial decision in the instant proceeding in accordance with the provisions of 5 U.S.C. §§ 556 and 557, and the Rules of Practice do not permit interlocutory appeals.[3] Therefore, Complainant's appeal of the Chief ALJ's Ruling Extending Compliance Deadline must be rejected as premature.

Complainant acknowledges that, under section 1.145(a) of the Rules of Practice (7 C.F.R. § 1.145(a)), a party may appeal an administrative law judge's decision to the Judicial Officer and that the Chief ALJ's Ruling Extending Compliance Deadline is not a *decision* as that term is defined in section 1.132 of the Rules of Practice (7 C.F.R. § 1.132). Nonetheless, Complainant states he filed the appeal petition because he disagrees with the Chief ALJ's Ruling Extending Compliance Deadline and the Chief ALJ's Ruling Extending Compliance Deadline deprives Complainant of rights. (Complainant's Appeal Pet. at first unnumbered page n.1.) However, neither Complainant's disagreement with

---

[3]*In re Lion Raisins, Inc.*, 63 Agric. Dec. ___, slip op. at 4 (July 28, 2004) (Order Dismissing Appeal as to Al Lion, Jr., Dan Lion, and Jeff Lion); *In re Velasam Veal Connection*, 55 Agric. Dec. 300, 304 (1996) (Order Dismissing Appeal); *In re L.P. Feuerstein*, 48 Agric. Dec. 896 (1989) (Order Dismissing Appeal); *In re Landmark Beef Processors, Inc.*, 43 Agric. Dec. 1541 (1984) (Order Dismissing Appeal); *In re Orie S. LeaVell*, 40 Agric. Dec. 783 (1980) (Order Dismissing Appeal by Respondent Spencer Livestock, Inc.).

the Chief ALJ's Ruling Extending Compliance Deadline nor the alleged deprivation of Complainant's rights constitutes a basis for my consideration of Complainant's appeal petition filed prior to Complainant's having received service of the Chief ALJ's decision. Section 1.145(a) of the Rules of Practice (7 C.F.R. § 1.145(a)) provides that a party who disagrees with a ruling or who alleges deprivation of rights may appeal to the Judicial Officer *after* receiving service of the administrative law judge's decision.

The United States Department of Agriculture's construction of the Rules of Practice is, in this respect, consistent with the construction of the Federal Rules of Appellate Procedure. Rule 4(a)(1)(A) and (B) of the Federal Rules of Appellate Procedure provides, as follows:

> **Rule 4. Appeal as of Right—When Taken**
>
> **(a) Appeal in a Civil Case.**
>
> **(1) Time for Filing a Notice of Appeal.**
> (A) In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.
> (B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

Fed. R. App. P. 4(a)(1)(A)-(B).

The notes of the Advisory Committee on Rules regarding a 1979 amendment to Rule 4(a)(1) make clear that Rule 4(a)(1) is specifically designed to prevent premature as well as late appeals, as follows:

6

> . . . .
>
> The phrases "within 30 days of such entry" and "within 60 days of such entry" have been changed to read "after" instead of "o[f]." The change is for clarity only, since the word "of" in the present rule appears to be used to mean "after." Since the proposed amended rule deals directly with the premature filing of a notice of appeal, it was thought useful to emphasize the fact that except as provided, the period during which a notice of appeal may be filed is the 30 days, or 60 days as the case may be, following the entry of the judgment or order appealed from. . . .[4]

Notes of Advisory Committee on Rules—1979 Amendment.

Accordingly, Complainant's appeal of the Chief ALJ's Ruling Extending Compliance Deadline must be dismissed, since the Rules of Practice do not permit interlocutory appeals.

For the foregoing reasons, the following Order should be issued.

---

[4] *Accord Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam) (notice of appeal filed while timely motion to alter or amend judgment was pending in district court was absolute nullity and could not confer jurisdiction on court of appeals); *Willhauck v. Halpin*, 919 F.2d 788, 792 (1st Cir. 1990) (premature notice of appeal is a complete nullity); *Mondrow v. Fountain House*, 867 F.2d 798, 799-800 (3d Cir. 1989) (appellate court had no jurisdiction to hear appeal during pendency of motion for new trial timely filed in trial court).

## ORDER

Complainant's interlocutory appeal filed August 26, 2004, is dismissed. The proceeding is remanded to the Chief ALJ for further proceedings in accordance with the Rules of Practice.

Done at Washington, DC

November 22, 2004

William G. Jenson
Judicial Officer