USDA

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

In re:

JOHN F. CUNEO, JR., an individual; THE HAWTHORN CORPORATION, an Illinois corporation; THOMAS M. THOMPSON, an individual; JAMES G. ZAJICEK, an individual; JOHN N. CAUDILL, III, an individual; JOHN N. CAUDILL, JR., an individual; WALKER BROTHER'S CIRCUS, INC., a Florida corporation, and; DAVID A. CREECH, an individual,

Respondents.

AWA Docket No. 03-0023

AMENDED COMPLAINT

There is reason to believe that the respondents named herein have willfully violated the Animal Welfare Act, as amended (7 U.S.C. § 2131 et seq.) (the "Act"), and the regulations and standards (9 C.F.R. § 1.1 et seq.) issued pursuant to the Act, and, therefore, the Administrator of the Animal and Plant Health Inspection Service ("APHIS") issues this amended complaint alleging as follows:

## JURISDICTIONAL ALLEGATIONS

1. Respondent John F. Cuneo, Jr., is an individual whose mailing address is 23675 West Chardon Road, Grays Lake, Illinois 60030. At all times mentioned herein, said respondent was the owner and president of respondent The Hawthorn Corporation and directed, managed and controlled its business activities.

2. Respondent The Hawthorn Corporation is an Illinois corporation whose mailing

address is 23675 West Chardon Road, Grays Lake, Illinois 60030, and whose agent for service of process is John F. Cuneo, Jr., 23675 West Chardon Road, Grays Lake, Illinois 60030. At all times mentioned herein, said respondent was licensed and operating as an exhibitor, as that term is defined in the Act and the regulations, under Animal Welfare Act license number 33-C-0053, issued under the name "The Hawthorn Corporation." In 2001, respondent The Hawthorn Corporation owned 111 animals, including 19 elephants, 90 tigers, and 2 lions.

3. Respondent Thomas M. Thompson is an individual whose mailing address is 8817 E. Bluefield Street, Tucson, Arizona 85710, and at all times mentioned herein was an independent performing artist contracted with respondents John F. Cuneo, Jr., and The Hawthorn Corporation, to train, care for, handle, transport, and conduct performances and exhibitions of elephants owned by respondent The Hawthorn Corporation.

4. Respondent James G. Zajicek is an individual whose mailing address is 9819 North Solon Road, Richmond, Illinois 60071, and at all times mentioned herein was an independent performing artist contracted with respondents John F. Cuneo, Jr., and The Hawthorn Corporation to train, care for, handle, transport, and conduct performances and exhibitions of elephants owned by respondent The Hawthorn Corporation.

5. Respondent John N. Caudill, III, also known as "John John," is an individual whose mailing address is 410 Houle Avenue, Sarasota, Florida 34232, and at all times mentioned herein was an independent performing artist contracted with respondents John F. Cuneo, Jr., and The Hawthorn Corporation to train, care for, handle, transport, and conduct performances and exhibitions of elephants owned by respondent The Hawthorn Corporation.

6. Respondent John N. Caudill, Jr., also known as "John Walker," is an individual

whose mailing address is 410 Houle Avenue, Sarasota, Florida 34232, and at all times mentioned herein and was an owner and officer of respondent Walker Brother's Circus, Inc., and directed, managed and controlled its business activities.

7. Respondent Walker Brother's Circus, Inc., is a Florida corporation whose mailing address is 410 Houle Avenue, Sarasota, Florida 34232, and whose agent for service of process is Alice G. Caudill, 410 Houle Avenue, Sarasota, Florida 34232.

8. Respondent David A. Creech is an individual whose mailing address is 9819 North Solon Road, Richmond, Illinois 60021, and at all times mentioned herein was an elephant handler and/or independent performing artist employed by or contracted with respondents John F. Cuneo, Jr., and The Hawthorn Corporation to train, care for, handle, transport, and conduct performances and exhibitions of elephants owned by respondent The Hawthorn Corporation.

9. APHIS personnel conducted inspections of respondent John F. Cuneo, Jr.'s, and respondent The Hawthorn Corporation's facilities, records and animals for the purpose of determining respondents' compliance with the Act and the regulations and standards on March 29, 2001, June 26, 2001, June 27, 2001, July 11, 2002, October 2, 2001, October 5, 2001, October 11, 2001, April 26, 2002, May 4, 2002, May 16, 2002, June 1, 2002, and June 4, 2003.

10. Respondents John N. Caudill, Jr., and Walker Brother's Circus, Inc., were respondents in *In re John Walker, d/b/a Walker Brother's Circus*, 56 Agric. Dec. 350 (March 21, 1997) (Animal Welfare Act Docket No. 96-0085) (Decision and Order) (assessing a civil penalty in the amount of $5000, suspending respondents' license for thirty days, and ordering respondents to cease and desist from (a) failing to establish and maintain programs of disease control and prevention, euthanasia, and adequate veterinary care under the supervision and assistance of a

doctor of veterinary medicine; (b) failing to maintain records of the acquisition, disposition, description, and identification of animals; (c) failing, during public exhibition of dangerous animals, to have animals under the direct control and supervision of a knowledgeable and experienced animal handler; (d) failing, during public exhibition, to provide sufficient distance or barrier or both between the animals and the general viewing public so as to assure the safety of the animals and the public; (e) failing to use structurally sound primary enclosures to transport animals and to maintain primary enclosures in good repair so as to protect animals from injury; and (f) engaging in any activity for which a license is required under the Animal Welfare Act and regulations thereunder without being licensed).

ALLEGED VIOLATIONS

1. On or about March 16, 2001, through on or about October 23, 2001, respondent John N. Caudill, III, willfully violated the licensing regulations by operating as an exhibitor as defined in the Act (7 U.S.C. § 2132) and the regulations (9 C.F.R. § 1.1) without being licensed. 9 C.F.R. § 2.1(a)(1).

2. On March 29, 2001, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

3. On March 29, 2001, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

4. On March 29, 2001, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

5. On March 29, 2001, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by exhibiting an Asian elephant (Delhi) under conditions that were inconsistent with its good health and well-being. 9 C.F.R. § 2.131(c)(1).

6. On or about May 1, 2001, through on or about October 30, 2001, respondents John N. Caudill, Jr., and Walker Brother's Circus, Inc., willfully violated the licensing regulations by operating as exhibitors as defined in the Act (7 U.S.C. § 2132) and the regulations (9 C.F.R. § 1.1) without being licensed. 9 C.F.R. § 2.1(a)(1).

7. On or about June 6, 2001, through on or about July 6, 2001, respondent James G. Zajicek willfully violated the licensing regulations by operating as an exhibitor as defined in the Act (7 U.S.C. § 2132) and the regulations (9 C.F.R. § 1.1) without being licensed. 9 C.F.R. § 2.1(a)(1).

8. On or about May 4, 2001, and May 25, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by allowing the public to feed Asian elephants food other than that provided by the facility. 9 C.F.R. § 2.131(c)(4).

9. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian

elephant (Ronnie) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

10. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Ronnie) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

11. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Ronnie) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

12. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to train an Asian elephant (Ronnie). 9 C.F.R. § 2.131(a)(2)(i).

13. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to work an Asian elephant (Ronnie). 9 C.F.R. § 2.131(a)(2)(i).

14. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to handle an Asian elephant (Ronnie). 9 C.F.R. § 2.131(a)(2)(i).

15. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handing regulations by failing to provide an African elephant (Joy) a rest period between performances equal to the time of one performance. 9 C.F.R.

§ 2.131(b)(2).

16. On June 26, 2001, respondents James G. Zajicek, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by exhibiting an African elephant (Joy) under conditions that were inconsistent with its good health and well-being. 9 C.F.R. § 2.131(c)(1).

17. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and specifically, allowed the toenails and footpads of four Asian elephants (Lota, Liz, Delhi, and Tess) to become overgrown. 9 C.F.R. § 2.40(b)(1).

18. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to have their attending veterinarian provide adequate veterinary care to their animals, and specifically, failed to obtain treatment for an Asian elephant (Lota) who was excessively thin with a protruding spine and hip bones. 9 C.F.R. §§ 2.40(a), 2.40(b)(2).

19. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and specifically, failed to observe, and inform the attending veterinarian, that an Asian elephant

(Lota) was excessively thin. 9 C.F.R. § 2.40(b)(3).

20. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and specifically, respondents failed to accurately observe four Asian elephants (Lota, Liz, Delhi, and Tess) that had overgrown toenails and footpads. 9 C.F.R. § 2.40(b)(3).

21. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing, during a public exhibition, to handle four Asian elephants (Lota, Liz, Delhi, and Tess) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public. 9 C.F.R. § 2.131(b)(1).

22. On June 27, 2001, through on or about July 24, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by exhibiting an Asian elephant (Lota) under conditions that were inconsistent with its good health and well-being. 9 C.F.R. § 2.131(c)(1).

23. On June 27, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to have a responsible, knowledgeable, and readily identifiable employee or attendant present during periods of public contact. 9 C.F.R. § 2.131(c)(2).

24. On July 11, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and specifically, allowed the toenails and/or cuticles of four elephants (Frieda, Sue, Nicholas and Billy) to become overgrown. 9 C.F.R. § 2.40(b)(1).

25. On July 11, 2001, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and specifically, failed to observe the overgrown toenails and/or cuticles of four elephants (Frieda, Sue, Nicholas and Billy). 9 C.F.R. § 2.40(b)(3).

26. On October 2, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing, during a public exhibition, to handle three Asian elephants (Liz, Delhi, and Tess) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animals and the general viewing public so as to assure the safety of the animals and the public. 9 C.F.R. § 2.131(b)(1).

27. On October 2, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to have a responsible, knowledgeable, and readily identifiable employee or attendant present during periods of public contact. 9 C.F.R. § 2.131(c)(2).

28. On October 5, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the

handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

29. On October 5, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

30. On October 5, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

31. On October 5, 2001, respondents John N. Caudill, III, John N. Caudill, Jr., Walker Brother's Circus, Inc., John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by exhibiting an Asian elephant (Delhi) under conditions that were inconsistent with its good health and well-being. 9 C.F.R. § 2.131(c)(1).

32. On or about October 24, 2001 through on or about October 27, 2001, respondent Thomas M. Thompson willfully violated the licensing requirements by operating as an exhibitor as defined in the Act (7 U.S.C. § 2132) and the regulations (9 C.F.R. § 1.1) without being licensed. 9 C.F.R. § 2.1(a)(1).

33. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Debbie) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

34. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Debbie) as carefully as possible in a manner that did not cause behavioral stress to the animal. 9 C.F.R. § 2.131(a)(1).

35. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

36. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause behavioral stress to the animal. 9 C.F.R. § 2.131(a)(1).

37. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

38. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Judy) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

39. On or about October 24, 2001 through October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling

regulations by failing, during a public exhibition, to handle an Asian elephant (Debbie) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and the public. 9 C.F.R. § 2.131(b)(1).

40. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing, during a public exhibition, to handle an Asian elephant (Judy) so there was minimal risk of harm to the animal and to the public, with sufficient distance and/or barriers between the animal and the general viewing public so as to assure the safety of the animal and the public. 9 C.F.R. § 2.131(b)(1).

41. On October 27, 2001, respondents Thomas M. Thompson, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by exhibiting an Asian elephant (Judy) under conditions that were inconsistent with its good health and well-being. 9 C.F.R. § 2.131(c)(1).

42. On or about February 15, 2002, through March 4, 2002, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause trauma to the animal. 9 C.F.R. § 2.131(a)(1).

43. On or about February 15, 2002, through March 4, 2002, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

44. On or about February 15, 2002, through March 4, 2002, respondents John N.

Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an Asian elephant (Delhi) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

45. On or about February 15, 2002, through March 4, 2002, respondents John N. Caudill, III, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to have their attending veterinarian provide adequate veterinary care to their animals, and specifically, failed to obtain treatment for an Asian elephant (Delhi) who was suffering from severe chemical burns and bacterial infection. 9 C.F.R. §§ 2.40(a), 2.40(b)(2).

46. On April 23, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the compliance regulations by not complying with the minimum standards for humane handling, care and treatment of animals, by failing to construct and maintain enclosures so as to allow each animal to make normal postural adjustments with adequate freedom of movement, and specifically, housed fourteen tigers in transport enclosures measuring 80"-by-80"-by-44" and 86"-by-88"-by-47". 9 C.F.R. §§ 2.100, 3.128.

47. On May 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and specifically, allowed the toenails and/or cuticles of four elephants (Frieda, Sue, Billy, and Nicolas) to become overgrown. 9 C.F.R. § 2.40(b)(1).

48. On May 4, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their

health and well-being, and specifically, failed to observe the overgrown toenails and/or cuticles of four elephants (Frieda, Sue, Billy, and Nicolas). 9 C.F.R. § 2.40(b)(3).

49. On June 1, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and specifically, allowed the toenails, cuticles, and footpads of four elephants (Frieda, Sue, Nicholas and Billy) to become overgrown. 9 C.F.R. § 2.40(b)(1).

50. On June 1, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and specifically, failed to observe the overgrown toenails, cuticles, and footpads of four elephants (Frieda, Sue, Nicholas and Billy). 9 C.F.R. § 2.40(b)(3).

51. On June 1, 2002, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the compliance regulations by not complying with the minimum standards for humane handling, care and treatment of animals, by failing to construct and maintain enclosures so as to allow each animal to make normal postural adjustments with adequate freedom of movement, and specifically, housed five adult white female tigers in transport enclosures measuring 80"-by-80"-by-44" and eight adult white tigers in transport enclosures measuring 86"-by-88"-by-47". 9 C.F.R. §§ 2.100, 3.128.

52. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an African elephant (Joy) as carefully as possible in a manner that did not cause trauma to the animal.

9 C.F.R. § 2.131(a)(1).

53. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an African elephant (Joy) as carefully as possible in a manner that did not cause physical harm to the animal. 9 C.F.R. § 2.131(a)(1).

54. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing to handle an African elephant (Joy) as carefully as possible in a manner that did not cause unnecessary discomfort to the animal. 9 C.F.R. § 2.131(a)(1).

55. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to train an African elephant (Joy). 9 C.F.R. § 2.131(a)(2)(i).

56. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to work an African elephant (Joy). 9 C.F.R. § 2.131(a)(2)(i).

57. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by using physical abuse to handle an African elephant (Joy). 9 C.F.R. § 2.131(a)(2)(i).

58. On August 23, 2002, respondents David A. Creech, John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the handling regulations by failing, during a public exhibition, to handle an African elephant (Joy) so there was minimal risk of harm to the animal and to the public. 9 C.F.R. § 2.131(b)(1).

59. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included the availability of appropriate services, and specifically, allowed the toenails and/or cuticles of three elephants (Frieda, Sue, and Billy) to become overgrown. 9 C.F.R. § 2.40(b)(1).

60. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the attending veterinarian regulations by failing to establish and maintain programs of adequate veterinary care that included daily observation of all animals to assess their health and well-being, and specifically, failed to observe the overgrown toenails and/or cuticles of three elephants (Frieda, Sue, and Billy). 9 C.F.R. § 2.40(b)(3).

61. On June 4, 2003, respondents John F. Cuneo, Jr., and The Hawthorn Corporation willfully violated the compliance regulations by not complying with the minimum standards for humane handling, care and treatment of animals, by failing to utilize a sufficient number of adequately trained employees to maintain a professionally acceptable level of husbandry practices, and specifically, failed to utilize a sufficient number of adequately trained employees to administer foot care to elephants. 9 C.F.R. §§ 2.100, 3.132.

WHEREFORE, it is hereby ordered that for the purpose of determining whether the respondents have in fact willfully violated the Act and the regulations issued under the Act, this amended complaint shall be served upon the respondents. The respondents shall file an answer with the Hearing Clerk, United States Department of Agriculture, Washington, D.C. 20250-9200, in accordance with the Rules of Practice governing proceedings under the Act (7 C.F.R. § 1.130 et seq.). Failure to file an answer shall constitute an admission of all the material allegations of this

amended complaint.

The Animal and Plant Health Inspection Service requests that unless the respondents fail to file an answer within the time allowed therefor, or file an answer admitting all the material allegations of this amended complaint, this proceeding be set for oral hearing in conformity with the Rules of Practice governing proceedings under the Act; and that such order or orders be issued as are authorized by the Act and warranted under the circumstances, including an order requiring the respondents to cease and desist from violating the Act and the regulations and standards issued thereunder; assessing civil penalties against all of the respondents in accordance with section 19 of the Act (7 U.S.C. § 2149); and revoking respondents' license under the Act.

DATED: September 5, 2003

Respectfully Submitted,

Bernadette R. Juarez
Attorney for Complainant