UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA LYNN LEAHY and PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, and W. RON DEHAVEN, in his official capacity as Administrator, Animal Plant and Health Inspection Service, <br><br> Defendants, <br><br> and <br><br> JOHN F. CUNEO, JR. and THE HAWTHORN CORPORATION <br><br> Defendants-Intervenors | Civil Action No. 05-1135 <br> Honorable Paul L. Friedman |

## ANSWER OF FEDERAL DEFENDANTS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Federal Defendants, United States Department of Agriculture, and W. Ron Dehaven, in his official capacity as Administrator, Animal Plant and Health Inspection Service, through the undersigned attorneys, answer the complaint as follows:

FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of the action.

SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Federal Defendants incorporate by reference, as if fully stated, all of the defenses previously stated and answers the numbered paragraphs of the Plaintiffs' complaint as follows:

1.   Federal Defendants admit that the United States Department of Agriculture ("USDA") Animal Plant and Health Inspection Service ("APHIS") approved the placement of specific tuberculosis-exposed elephants in the possession of the Hawthorn Corporation with the Endangered Ark Foundation ("EAF"), an affiliate of Carson & Barnes.  The second sentence of Paragraph 1 contains Plaintiffs' characterizations of a videotape, submitted to the Court as Exhibit A, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The third sentence of Paragraph 1 contains Plaintiffs' characterizations of correspondence between USDA and Defendant-Intervenors, submitted as Exhibit D, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The remainder of this Paragraph contains Plaintiffs' characterization of this action, to which no answer is required, but to the extent an answer is deemed required, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations or otherwise deny these allegations.

2.   This Paragraph contains Plaintiffs' jurisdictional allegation, to which no answer is required, but to the extent an answer is deemed required, the allegation is denied.

3.   Federal Defendants admit Ms. Leahy has communicated with USDA representatives regarding the Hawthorn elephants.  As to the remainder of this Paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

4.	To the extent this Paragraph states a legal conclusion that Plaintiff Leahy has suffered an injury-in-fact due to Federal Defendants' alleged actions, no response is required, but to the extent a response is deemed necessary, it is denied.  As to the remainder of the Paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore the allegations are denied.

5.	Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore the allegations are denied.

6.	Federal Defendants admit the People for the Ethical Treatment of Animals ("PETA") is an animal rights organization that has submitted materials to the USDA regarding the Hawthorn elephants and Carson & Barnes Circus.  As to the remainder of the Paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

7.	To the extent this Paragraph states a legal conclusion that Plaintiff PETA has suffered an injury-in-fact due to Federal Defendants' alleged actions, no response is required, but to the extent a response is deemed necessary, it is denied.  As to the remainder of this Paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore the allegations are denied.

8.	This Paragraph contains Plaintiffs' characterization of correspondence between USDA and Defendant-Intervenors, submitted as Exhibits D and E, to which the Court is respectfully referred for a complete and accurate statement of its contents.

9.	Federal Defendants admit that W. Ron DeHaven is the Administrator of APHIS and that APHIS is responsible for making the decision to approve the placement of Hawthorn

elephants at the Endangered Ark Foundation.

10.     Federal Defendants admit that the Animal Welfare Act is administered by the USDA.  As to the remainder of this Paragraph, it contains Plaintiffs' characterization of the Animal Welfare Act and its implementing regulations, to which the Court is respectfully referred for a complete and accurate statement of its contents.

11.     This Paragraph contains Plaintiffs' characterization of the implementing regulations of the Animal Welfare Act, to which the Court is respectfully referred for a complete and accurate statement of its contents.

12.     This Paragraph contains Plaintiffs' characterization of the implementing regulations of the Animal Welfare Act and the USDA's policy statement, which speak for themselves, and is therefore denied.

13.     Admit.

14.     Federal Defendants admit the allegations of Paragraph 14, to the extent that it does not call for a legal conclusion.

15.     Federal Defendants deny the allegations in Paragraph 15 inasmuch as the allegations are overly broad and may not accurately describe all elephants of different types, ages and in different habitats and circumstances.

16.     Federal Defendants deny the allegations in Paragraph 16 inasmuch as the allegations are overly broad and may not accurately describe all elephants of different types, ages and in different habitats and circumstances.

17.     Federal Defendants deny that the USDA filed an administrative complaint against Defendant-Intervenors for violations of the Animal Welfare Act on April 9, 2003.  This

Paragraph contains Plaintiffs' characterization of the complaint, which speaks for itself, and is therefore denied..

18.     Federal Defendants deny the consent decision was entered on March 13, 2004. The remainder of this Paragraph contains Plaintiffs' characterizations the consent order, submitted as Exhibit C, to which the Court is respectfully referred for a complete and accurate statement of its contents.

19.     This Paragraph contains Plaintiffs' characterizations the consent order, submitted as Exhibit C, to which the Court is respectfully referred for a complete and accurate statement of its contents.

20.     This Paragraph contains Plaintiffs' characterizations the consent order, submitted as Exhibit C, to which the Court is respectfully referred for a complete and accurate statement of its contents.

21.     This Paragraph contains Plaintiffs' characterizations of correspondence between USDA and Defendant-Intervenors, submitted as Exhibit D, to which the Court is respectfully referred for a complete and accurate statement of its contents.

22.     This Paragraph contains Plaintiffs' characterizations of correspondence between USDA and Defendant-Intervenors, submitted as Exhibit E, to which the Court is respectfully referred for a complete and accurate statement of its contents.

23.     This Paragraph contains Plaintiffs' characterizations of correspondence between USDA and Defendant-Intervenors, to which the Court is respectfully referred for a complete and accurate statement of its contents.

24.     This Paragraph contains Plaintiffs' characterizations of correspondence between

USDA and Defendant-Intervenors, submitted as Exhibits D-F, to which the Court is respectfully referred for a complete and accurate statement of its contents.

25.     Federal Defendants admit that Plaintiff Leahy provided a videotape to the USDA. The remainder of subparagraph 1 of Paragraph 25 contains the Plaintiffs' characterizations of a videotape, submitted as Exhibit A, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The use of the terms and phrases "in recent years" and "multiple violations" are too vague and ambiguous for Federal Defendants to form a belief as to the truth or falsity of the first clause of the first sentence of subparagraph 2 of Paragraph 25. Federal Defendants admit that on August 9, 2002, a Carson & Barnes Circus trailer carrying two elephants overturned and that on June 27, 2003, a driver employed by Carson & Barnes Circus exceeded the allowed driving and duty hours under the relevant transportation regulations, fell asleep and veered off the road, resulting in minor lacerations to the elephants (which led to a USDA investigation and subsequent monetary penalty), but deny the allegations to the extent that they call for the conclusion that the USDA investigated or cited the Endangered Ark Foundation rather than Carson & Barnes Circus.  As to the remainder of subparagraph two of this Paragraph, Federal Defendants, pursuant to a federal retention policy, do not have access to complete records for the time frame specified and thus are without knowledge or information sufficient to form a belief as to the truth of the allegations, or otherwise deny the allegations.  Federal Defendants admit that Ms. Leahy submitted a letter to the USDA regarding the alleged incident of June 21, 2002.  As to the remainder of the paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, or otherwise deny the allegations.  Federal Defendants admit that in 2004, an elephant died while in

-6-

the care of Carson & Barnes Circus, but deny the allegation in subparagraph 4 of this Paragraph to the extent that it calls for the conclusion that Carson and Barnes failed to provide the proper level of care to the aforementioned elephant prior to its death. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraph 5 of this Paragraph.

26. Federal Defendants admit that prior to August 15, 2004, Federal Defendants had approved the Elephant Sanctuary along with certain other prospective donees to receive certain of the Hawthorn elephants under limited circumstances. As to the remainder of the Paragraph, the allegations are denied.

27. Admit.

28. Federal Defendants deny the allegations in Paragraph 28 except insofar as the allegations are predictive statements and subjective speculation that are insusceptible to admissions or denials.

29. This Paragraph contain Plaintiffs' characterizations of a declaration, submitted as Exhibit G, to which the Court is respectfully referred for a complete and accurate statement of its contents.

30. Federal Defendants admit the allegations in Paragraph 30 to the extent that Federal Defendants approved donations of Ronnie, Gypsy and Joy to EAF. As to the remainder of the Paragraph, the allegations are denied.

31. Federal Defendants admit that the EAF is affiliated with Carson & Barnes and that it maintains a facility for housing elephants. As to the remainder of the Paragraph, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations or otherwise deny these allegations.

33. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore the allegations are denied.

33. Federal Defendants deny the allegations in Paragraph 33.

34. Federal Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 contain legal conclusions, in response to which no answer is required. Insofar as an answer may be deemed required, the allegations are denied.

36. The allegations in Paragraph 36 contain legal conclusions, in response to which no answer is required. Insofar as an answer may be deemed required, the allegations are denied.

Federal Defendants specifically deny all allegations in Plaintiffs' complaint not otherwise responded to herein. In addition, Federal Defendants deny that Plaintiffs are entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, having fully answered, Federal Defendants prays that Plaintiffs take nothing, that the action be dismissed, the Federal Defendants have their costs herein, and that Federal Defendants be awarded all other relief as is just and proper in the circumstances.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JAMES GILLIGAN
Assistant Branch Director

                                            /s/  
ISAAC R. CAMPBELL  
U.S. Department of Justice  
Civil Division, Federal Programs Branch  
P.O. Box 883  
Ben Franklin Station  
Washington, D.C.  20044  
Telephone: (202) 616-8476  
Facsimile: (202) 616-8460  
*Attorneys for Defendants*

Date: August 8, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing via first class mail on August 8, 2005, to the following counsel of record:

| | |
|---|---|
| Tanya M. Sanerib<br>Katherine A. Meyer<br>MEYER & GLITZENSTEIN<br>1601 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20009-1056<br>tel: (202) 588-5206<br>fax: (202) 588-5049<br>*Attorneys for Plaintiffs* | Derek L. Schaffer<br>Vincent J. Colatriano<br>Michael Weitzner<br>Cooper & Kirk, PLLC<br>1500 K Street, N.W.<br>Suite 200<br>Washington, D.C. 20005<br>tel: (202) 220-9600<br>*Attorneys for Defendants-Intervenors* |

                                                                            **/s/**
                                                                     Isaac R. Campbell