UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA LYNN LEAHY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 05-1135 (PLF) |
| ) | |
| THE UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al. ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| THE HAWTHORN CORPORATION and JOHN F. ) | |
| CUNEO, ) | |
| ) | |
| Defendant -Intervenors. ) | |

**JOINT REPORT OF THE PARTIES
PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and the Court's Order of September 9, 2005, Plaintiffs, Defendants, and Defendant-Intervenors (hereafter "the parties") hereby submit the following Joint Report. This case challenges the United States Department of Agriculture's ("USDA") decision to permit four elephants held by the Hawthorn Corporation in Illinois to be transferred to Carson & Barnes' Endangered Ark Foundation in Oklahoma. On, June 21, 2005, the Court denied plaintiffs' motion for a preliminary injunction. Since that time, the parties have been discussing the production of the Administrative Record. Defendants have produced electronic versions of the documents comprising the tentative Administrative Record. After a few delays, Defendants have delivered a final, Bates stamped Administrative Record to Plaintiffs today, September 30, 2005. In light of a review of the tentative Administrative Record, Plaintiffs have

raised concerns about the adequacy of the Administrative Record. Defendants believe the administrative record is complete.

Yesterday, September 29, 2005, Defendant-Intervenors informed Plaintiffs' counsel, for the first time, that the State of Oklahoma has recently refused entry of three of the four elephants in question – Debbie, Ronnie and Gypsy – into that State. They also informed Plaintiffs' counsel that, while the elephant named Joy is permitted into the State, Defendant-Intervenors do not know whether, or when, the Endangered Ark Foundation will obtain Joy. In light of these developments, the parties submit the following report pursuant to Rule 16.3:

1. The parties agree that, in the event this case is not settled, it is likely to be resolved by dispositive motions.

2. The parties agree that it is unlikely that any additional parties will be joined or the pleadings amended. Defendant-Intervenors request that any amended pleadings be filed on or before October 21, 2005. Although the parties will discuss whether any factual or legal issues can be agreed upon or narrowed in light of the most recent information, they do not have any such agreement at this time.

3. The parties agree that this case should not be assigned to a magistrate judge.

4. In light of the most recent information, the parties will discuss whether it is possible to settle this case.

5. Plaintiffs believe that this case may benefit from the Court's alternative dispute resolution procedures. Defendants and Defendant-Intervenors do not believe that this case would benefit from the Court's alternative dispute resolution procedures.

6. The parties agree that, in the event this case is not settled, it is likely to be resolved by dispositive motions.  In light of recent events, and because the final Administrative Record was produced today, the parties have not agreed to a briefing schedule at this time.  The parties will present the Court with a schedule for further proceedings on or before the date of the status hearing.

7. The parties agree to dispose with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. Because they have not yet reviewed the final Administrative Record, Plaintiffs reserve the right to request discovery, if necessary.  While Defendants reserve the right to respond to any requests for discovery, Defendants assert that the Administrative Record is complete and thus discovery is inappropriate and unnecessary as review by the Court is limited to the Administrative Record.  While Defendant-Intervenors reserve the right to respond to any requests for discovery, Defendant-Intervenors believe that Plaintiffs are not entitled to take any discovery in this action.

9.-13. The parties agree that the matters set forth in subparts 9-13 of Local Rule 16.3(c) are not applicable to this case under the Administrative Procedure Act.

14. The parties agree that there are no other matters appropriate for inclusion in a scheduling order at this time.

Respectfully submitted,

_____/s/_____
TANYA M. SANERIB
(D.C. Bar No. 473506)
KATHERINE A. MEYER
(D.C. Bar No. 244301)
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., N.W.  Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

September 30, 2005

_____/s/_____
PETER D. KEISLER
Assistant Attorney General
JAMES GILLIGAN
Assistant Branch Director

ISAAC R. CAMPBELL
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8476
Facsimile: (202) 616-8460

Attorneys for Defendants

_____/s/_____
DEREK L. SHAFFER
(DC Bar No. 478775)
VINCENT J. COLATRIANO
(DC Bar. No. 429562)
MICHAEL WEITZNER
(DC Bar No. 472505)
COOPER & KIRK, PLLC
1500 K St., N.W., Suite 200
Washington, D.C. 20005
(202) 220-9600

Attorneys for Defendant-Intervenors